IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Tina Gerlach,** on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>**Todd Rokita**, in his official capacity as the Attorney General of Indiana and in his individual capacity; **Curtis Hill**, in his individual capacity; **Aaron Negangard**, in his individual capacity; and **Kelly Mitchell**, in her official capacity as the Treasurer of State of Indiana,<br><br>        Defendants. | Case No. 1:22-cv-72 |

**COMPLAINT**
**Demand for Jury Trial**

    1.    This suit challenges the Defendants' retention of the earnings on Plaintiff's property held as unclaimed property by them under the Indiana Revised Unclaimed Property Act, IC 32-34-1.5, *et seq*. and its predecessors (the "Act"). Defendants violate the Fifth and Fourteenth Amendments of the United States Constitution by taking earnings on unclaimed property while in state custody and failing to compensate owners, thereby violating the Constitution's protection of the earnings and the time value of money.

    2.    In so doing, Defendants have, and are, violating clearly established constitutional rights. As stated in *Goldberg v. Frerich*, 912 F.3d 1009, 1010-11 (7th Cir. 2019):

> The Supreme Court has held that the Takings Clause protects the time value of money just as much as it does money itself. *Brown v. Legal Foundation of Washington*, 538 US. 216, 235, 123 S. Ct. 1406, 155 L. Ed. 2d 376 (2003); *Phillips v. Washington Legal Foundation*, 524 US. 156, 165-72, 118 S. Ct. 1925, 141 L. Ed. 2d 174 (1998); *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 US. 155, 162-65, 101 S. Ct. 446, 66 L. Ed. 2d 358 (1980). In *Cerajeski v. Zoeller*, 735 F.3d 577 (7th Cir. 2013), we applied these precedents to an Indiana statute like the Illinois statute in this case. **We held that a state may not take custody of property and retain income that the property earns.** *Id.* at 578-80.

(emphasis added). Despite these unambiguous holdings, Defendants do actually take custody of property in Indiana, invest it, and then retain the income that property earns, refusing to compensate unclaimed property owners.

## PARTIES

3. Plaintiff Tina M. Gerlach is a citizen and resident of Shelby County, Kentucky. Gerlach formerly resided at 1900 Woodland Drive and 24630 Aric Way in Elkhart, Indiana. Gerlach has property valued at over $100 currently held in custody by the Defendants in the Indiana Abandoned Property Fund. Gerlach also previously made a claim for a second piece of property held in the Abandoned Property Fund and was paid $100.93.

4. Defendant Todd Rokita is the Attorney General of the State of Indiana. Under the Act, since assuming office in January 2021, Defendant Rokita is responsible for implementing the Act and administration of the Abandoned Property Fund. Because Plaintiff is suing Defendant in his official capacity, Defendant resides in and is subject to suit in this District. On information and belief, in his individual capacity, Defendant is a citizen of Indiana who resides in and is subject to suit in this District.

5. Defendant Curtis Hill is the former Attorney General of the State of Indiana. Under the Act, Defendant Hill was responsible for implementing the Act and administration of the Abandoned Property Fund from January 2017 until January 2021, with the exception of the period from May 18, 2020 to June 17, 2020. On information and belief, Defendant is a citizen of Indiana who resides in and is subject to suit in this District.

6. Defendant Aaron Negangard served as the Acting Attorney General of the State of Indiana from May 18, 2020 to June 17, 2020. Under the Act, Defendant Negangard was responsible for implementing the Act and administration of the Abandoned Property Fund during that time. On information and belief, Defendant is a citizen of Indiana who resides in and is subject to suit in this District.

7. Defendant Kelly Mitchell is the Treasurer of State for Indiana. Under the Act, Defendant is responsible for the custody of unclaimed property within the Abandoned Property Fund and is responsible for the investment and management of that fund. Defendant Mitchell, in her official capacity should track the income and earnings on unclaimed property invested by her or her office but, on information and belief, does not do so with respect to each individual piece of property held by her. Because Plaintiff is suing Defendant in her official capacity, Defendant resides in and is subject to suit in this District.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction for this case under 28 U.S.C. § 1331 and 28 U.S.C. § 1343 because Plaintiff brings this suit under the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

9. This Court also has jurisdiction under CAFA, 28 U.S.C. § 1332(d)(2), because Plaintiff seeks to represent a class of similarly situated persons and entities under F.R.C.P. 23 and the class claims have amounts in controversy exceeding $5 million.

10. This Court also has jurisdiction under 28 U.S.C. § 2201, *et seq.* because Count I of this Complaint involves a claim for a Declaratory Judgment.

11. This District is the proper venue for this case because Defendants reside in, and are subject to, suit in this District. Furthermore, a substantial portion, or perhaps all, of the events that underlie the claims here occurred in this District.

## STATEMENT OF FACTS

12. The Revised Indiana Unclaimed Property Act, just like its predecessors, is a custodial act: it collects and ostensibly safeguards property belonging to private citizens that has lain dormant for a specified period of time with banks, insurance companies, and other public and private firms.

13. The Attorney General has the ultimate responsibility for administration and payment of claims to property owners who file claims with his office. The Attorney General administers the Act through the Indiana Unclaimed Property Division.

14. Throughout Indiana, private and public entities hold property for other private individuals. Banks are a prime example. The Act requires these "holders" to turn over property held for others to the Indiana Unclaimed Property Division after a period of inactivity specified in the Act.

15. After receiving the property, the Attorney General transfers it to the Treasurer who deposits the property into the "Abandoned Property Fund." In the case of non-monetary

property, such as valuables in a safe deposit box, marketable securities, or real property, the Attorney General sells the property and delivers the cash proceeds to the Treasurer.

16. The Treasurer invests all property held in the Abandoned Property Fund in accounts that earn actual income.

17. For the property at issue here, the Act is not an escheat statute. It is custodial in nature and the State does not take title to the unclaimed property.

18. Any administrative expense or bookkeeping expense for each piece of property is *de minimis*, and upon information and belief, the bookkeeping cost of tracking unclaimed property has at all relevant times been far less than the income earned on that property, both in the aggregate and for each separate piece of unclaimed property.

19. The Act does not authorize deductions of any bookkeeping or administrative expenses from amounts paid to unclaimed property claimants.

20. Every U.S. state has an unclaimed property program. Unclaimed property programs generate much more revenue from property that is ultimately never claimed than the cost to administer the program.

21. Many states' unclaimed property programs pay unclaimed property owners the time value of the money held by the state. In these states, the unclaimed property programs still generate net revenue for those states because the majority of property turned over to a state as unclaimed property is never claimed.

22. A majority of unclaimed property turned over to Indiana under the Act and its predecessors has never been, and will never likely be, claimed.

23. If Defendants here paid claimants the time value of their money while held in custody by Defendants, Indiana's unclaimed property program would still generate millions of dollars in revenue for the State.

24. Under the color of law, Defendants have, and continue to, refuse to compensate unclaimed property claimants for the time value of their property. Instead, they confiscate all the earnings on that property for the State of Indiana.

25. Plaintiff Gerlach had two separate pieces of property that were taken into custody by the Unclaimed Property Division. Each property was valued at over $100 when taken into custody.

26. Gerlach claimed one of the properties through the Act's procedure. It was previously held in a non-interest-bearing account, and it amounted to $100.93 at the time the Defendants took custody of the property. After Plaintiff Gerlach's claim was approved, she was paid $100.93 on November 8, 2021. Gerlach was not compensated for the earnings or time value of that property while held by Defendants.

27. While Defendants held the property, it earned income. The State has taken that income and refuses to compensate Gerlach for the time value of that property.

28. Gerlach has another piece of property currently being held by the Defendants Rokita and Mitchell. That unclaimed property is valued at over $100 and was not in an interest-bearing account prior to the Defendants' taking custody. Gerlach's unclaimed property has earned income while in the Defendants' custody and, on information and belief, the Treasurer has not tracked how much interest it has earned while in its possession. Defendant Rokita will

not compensate Gerlach for the income earned or time value of her money while in the Defendants' possession when she claims it.

29. On information and belief, the Defendants Rokita and Mitchell have no current method of crediting the time value of the unclaimed funds taken from accounts other than interest-bearing accounts and have no plans to do so in the future. Defendants could easily track and credit all earnings and interest on unclaimed property if they chose to do so.

30. Upon information and belief, Defendants Rokita, Hill, and Negengard knew of or were made aware of the Supreme Court decisions regarding the Takings Clause's protection of the time value of money in *Brown v. Legal Foundation of Washington*, 538 US. 216 (2003), *Phillips v. Washington Legal Foundation*, 524 US. 156 (1998), and *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 US. 155 (1980), in addition to the Seventh Circuit's decisions applying these precedents to state unclaimed property funds in *Cerajeski v. Zoeller*, 735 F.3d 577 (7th Cir. 2013), *Kolton v. Frerichs*, 869 F.3d 532 (7th Cir. 2017), and *Goldberg v. Frerichs*, 912 F.3d 1009, 1010-11 (7th Cir. 2019). In the alternative, Defendants Rokita, Hill, and Negengard should have known of these decisions and the clear unconstitutionality of their conduct.

## COUNT I

**Claim for declaratory and injunctive relief, against Defendants Rokita and Mitchell in their official capacities, on behalf of Plaintiff and the Rule 23(b)(2) Class**

31. Plaintiff Gerlach realleges Paragraphs 1-30 as though fully set forth herein.

32. Plaintiff Gerlach brings Count I of this action on her own behalf and on behalf of a class of similarly situated persons or entities under Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure seeking declaratory and prospective injunctive relief. The Rule 23(b)(2) Class consists of:

> All persons or entities (including their heirs, assignees, legal representatives, guardians, administrators, and successors in interest) who are owners of unclaimed property currently held in custody by Defendants Rokita and Mitchell under the Indiana Revised Unclaimed Property Act and whose property was not in an interest-bearing account at the time the Unclaimed Property Division took custody of it.

33. There are at least tens-of-thousands of persons who meet the proposed definition of the Rule 23(b)(2) Class and so the members are so numerous that joinder would be impossible. Indiana currently holds millions of dollars in unclaimed property, and the average amount of compensation to which members of the proposed class are entitled is too small to warrant individual actions.

34. Plaintiff Gerlach's claims are typical of the claims of the members of the Rule 23(b)(2) Class because she has property held in custody under the Act by Defendants Rokita and Mitchell and meets all the definitional requirements of the proposed Rule 23(b)(2) Class.

35. Plaintiff Gerlach will fairly and adequately protect the interests of the Rule 23(b)(2) Class, as demonstrated by her retention of competent counsel with experience in both constitutional and class-action litigation.

36. There are questions of law and fact common to the Rule 23(b)(2) Class, including the following:

- whether Defendants Rokita's and Mitchell's retention of interest and other earnings on unclaimed property is a taking for which just compensation is due;

- whether the State's use of unclaimed property in its custody for public purposes is a taking for which just compensation is due;

- the proper measure of compensation for the Rule 23(b)(2) Class; and

- the appropriate injunctive and declaratory relief for the Rule 23(b)(2) Class.

37. Defendants Rokita's and Mitchell's actions in failing to account for, track, or pay unclaimed property owners constitute a common course of conduct equally applicable to Plaintiff as to all other members of the proposed Rule 23(b)(2) Class, and this course of conduct is what gives rise to Plaintiff's and the Class's claims. Furthermore, because of the generally applicable nature of these Defendants' conduct towards the proposed Rule 23(b)(2) Class, injunctive and declaratory relief are appropriate.

38. Without a declaration from this Court that Defendants Rokita's and Mitchell's conduct violates the Plaintiffs' constitutional rights and an injunction to prevent that conduct, these Defendants will continue their unlawful course of conduct.

39. Plaintiffs and the members of the Class are entitled to a judgment declaring their rights with respect to the conduct set forth in this Complaint. Therefore, this Court may issue a declaration under 28 U.S.C. § 2201, *et seq*.

WHEREFORE, Plaintiff prays that the Court enter judgment in her and the proposed Class's favor and against Defendants Rokita and Mitchell as follows:

A. Declaring that Count I may be maintained as a class action pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of the Rule 23(b)(2) Class defined above, appointing Plaintiff Gerlach as the Class representative, and designating Gerlach's counsel as Class Counsel;

B. Declaring that Defendants Rokita's and Mitchell's failure to compensate for the income earned and the time value of property held by it in custody under the Act is a taking of property under the Fifth Amendment to the U.S. Constitution and established Seventh Circuit and Supreme Court precedent;

C. Declaring the proper measure of just compensation;

D. Enjoining Defendants Rokita and Mitchell from violating this Court's Declarations regarding the administration of payments under the Act and requiring these Defendants to track the earnings on each piece of property while in their custody;

    E.     Order that the unclaimed property be placed into a separate account held in trust for the benefit of the property owners;

    F.     Awarding Plaintiff and her attorneys their attorney's fees and reimbursement of expenses, pursuant to 42 U.S.C. § 1988 and applicable principles of equity; and

    G.    Awarding such other and further relief as the Court deems just and proper.

## COUNT II

**Claim for just compensation, against Defendants Rokita and Mitchell in their official capacities, on behalf of Plaintiff Gerlach and the Rule 23(b)(3) Class**

40. Plaintiff Gerlach realleges Paragraphs 1-30 as though fully set forth herein.

41. Count II is brought pursuant to the Fifth and Fourteenth Amendments. In this count, Plaintiff seeks just compensation for the taking of her property in violation of her Fifth Amendment right.

42. Relief is unavailable in Indiana state courts. The Indiana Court of Appeals held that "the retention of interest by the State pursuant to [the Indiana Unclaimed Property Act] does not constitute an unconstitutional taking." *Smyth v. Carter*, 845 N.E.2d 219, 225 (Ind. Ct. App. 2006). The Indiana Supreme Court denied transfer to review this decision. *Smyth v. Carter*, 860 N.E.2d 588 (Ind. 2006).

43. Plaintiff Gerlach brings this action for herself and on behalf of a class of similarly situated persons and entities under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure. This Rule 23(b)(3) Class consists of:

> All persons or entities (including their heirs, assignees, legal representatives, guardians, or administrators) who filed claims for unclaimed property under Indiana's Unclaimed Property Act and were reimbursed the principal amount of property that was held in custody by the State, but who were not compensated for the earnings or time value of their property while held in State custody.

10

44. There are thousands, perhaps tens-of-thousands, of claimants who meet the class definition of the Rule 23(b)(3) Class and so they are so numerous that joinder of all members is impracticable.

45. The average amount of each claim is too small to warrant individual actions.

46. Plaintiff Gerlach's claims are typical of the claims of the Rule 23(b)(3) Class. Gerlach's claimed property was held in custody under the Act, earned interest, and Gerlach was not compensated for the earnings or time value of her property when she filed her claim under the Act.

47. Plaintiff Gerlach will fairly and adequately protect the interests of the Rule 23(b)(3) Class and has retained counsel competent and experienced in both constitutional and class-action litigation.

48. There are questions of law and fact common to the Rule 23(b)(3) Class, including the following:

- whether the Indiana Attorney General and Treasurer may retain the earnings or time value of money earned while in their custody under the Act;

- whether the State's taking of earning on unclaimed property amounts to a use for public purposes for which just compensation is due; and

- the proper measure of just compensation for the Rule 23(b)(3) Class.

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants Rokita and Mitchell as follows:

A. Declaring that Count II may be maintained as a class action pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Rule 23(b)(3) Class defined above, appointing Plaintiff Gerlach as the Class representative, and designating Gerlach's counsel as Class Counsel;

  B. Finding that Defendants Rokita's and Mitchell's confiscation of the earnings or time value of the Class's property held under the Act, including income, is a violation of the Fifth Amendment to the U.S. Constitution;

  C. Awarding the Class just compensation based on a formula determined by this Court; and

  D. Awarding such other and further relief as the Court deems just and proper.

## COUNT III

**Claim for compensatory relief, against Defendants Rokita, Hill, and Negangard in their individual capacities, on behalf of Plaintiff Gerlach and the Rule 23(b)(3) Class**

49. Plaintiff Gerlach realleges Paragraphs 1-30 as though fully set forth herein.

50. Count III is brought pursuant to 42 U.S.C § 1983 for violations of the Fifth and Fourteenth Amendments.

51. Since 2013, at the very latest, the Seventh Circuit's decision in *Cerajeski v. Zoeller*, 735 F.3d 577 (7th Cir. 2013), the law has been clearly established that "a state may not take custody of property and retain income that the property earns." *Id*. at 578-80. This principle was reiterated in *Goldberg v. Frerich*, 912 F.3d 1009, 1010-11 (7th Cir. 2019).

52. Defendants have ignored these decisions and continue to take Plaintiff's and the Class's earnings on the property held in custody.

53. Defendants have promulgated and applied rules that result in the taking of Plaintiff's and the Class's earnings on the property held in custody. These rules were kept in place even after the clear holdings of *Cerajeski* and *Goldberg*.

54. Defendants Rokita, Hill, and Negangard have committed this constitutional violation under the color of law while in office as Indiana Attorney General.

55. Plaintiff Gerlach brings this action for herself and on behalf of a class of similarly situated persons and entities under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure. This Rule 23(B)(3) Class consists of:

> All persons or entities (including their heirs, assignees, legal representatives, guardians, or administrators) who filed claims for unclaimed property under Indiana's Unclaimed Property Act and were reimbursed the principal amount of property that was held in custody by the State, but who were not compensated for the income earned and the time value of their property while held in State custody.

56. There are thousands, perhaps tens-of-thousands, of claimants who meet the class definition of the Rule 23(b)(3) Class and so they are so numerous that joinder of all members is impracticable.

57. The average amount of each claim is too small to warrant individual actions challenging Defendants Rokita's, Hill's, and Negangard's conduct.

58. Plaintiff Gerlach's claims are typical of the claims of the members of the Rule 23(b)(3) Class. Gerlach's claimed property was held in custody under the Act by Defendants, was valuable enough to earn interest, did earn interest or earnings while in the State's custody, and the State kept the time value of Gerlach's property without compensating her when she filed her claim under the Act.

59. Plaintiff Gerlach will fairly and adequately protect the interests of the Rule 23(b)(3) Class and has retained counsel competent and experienced in both constitutional and class-action litigation.

60. There are questions of law and fact common to the Rule 23(b)(3) Class, including the following:

- whether Defendants Rokita, Hill, and Negangard violated clearly established federal law by refusing to pay unclaimed property claimants the time value of their money while held in state custody;

- the amount of compensation due class members; and

- whether each individual defendant was reckless in his disregard of the class's constitutional rights and whether that recklessness warrants a punitive damage award.

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants Rokita, Hill and Negangard as follows:

A. Declaring that Count III may be maintained as a class action pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Rule 23(b)(3) Class defined above, appointing Plaintiff Gerlach as the Class representative, and designating Gerlach's counsel as Class Counsel;

B. Finding that these Defendants' failure to pay time value of the Class's money was a violation of 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the U.S. Constitution;

C. Awarding the Class just compensation based on a formula determined by this Court;

D. Awarding the Class punitive damages against each individual defendant for his reckless and flagrant violation of a clearly established constitutional right;

E. Awarding the Class attorney's fees under 28 U.S.C. § 1988; and

F. Awarding any other relief the Court deems appropriate.

### Demand for Jury Trial

Plaintiff demands, on any issue of fact, a trial by jury.

Respectfully submitted,

*/s Matthew Heffner*
Matthew Heffner
 mheffner@heffnerhurst.com
Matthew Hurst
 mhurst@heffnerhurst.com
**Heffner Hurst**
30 North LaSalle Street, Suite 1210
Chicago, Illinois 60602
Phone: (312) 346-3466

Charles Watkins
 cwatkins@gseattorneys.com
**Guin, Stokes & Evans, LLC**
321 S. Plymouth Court, Suite 1250
Chicago, Illinois 60604
Phone: (312) 878-8391

Garrett Blanchfield (to be admitted)
 g.blanchfield@rwblawfirm.com
**Reinhardt Wendorf & Blanchfield**
W-1050 First National Bank Building
332 Minnesota Street
St. Paul, Minnesota 55101
Phone: (651) 287-2100

**Attorneys for Plaintiff**